UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

QUAWNRICO O'NEAL,

            Plaintiff,                      Case No. 1:14-cv-409

v.                                            Honorable Paul L. Maloney

RICK SNYDER, et al.,

            Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Snyder, Heyns, Stoddard, Norwood, Huss, Badrykra, Tefft, Banagan, Drakrgan, Ball, Ault, Doolittle and Unknown Parties named as Ionia Correctional Facility Officials (unknown). The Court will serve the complaint against Defendants Ryske, Balzack and Sheldon.

**Discussion**

I. Factual allegations

Plaintiff Quawnrico Pele O'Neal presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). Plaintiff sues Governor Rick Snyder, MDOC Director Daniel Heyns, and the following ICF personnel: Warden Cathy Stoddard; Deputy Wardens Nanette Norwood and Erica Huss; Nathan Badrykra; (Unknown) Tefft, Jr.; Sergeant Sean Ryske; (Unknown) Drakrgran; Resident Unit Manager (Unknown) Ball; Assistant Resident Unit Supervisor R. Ault; Unknown Parties named as ICF Officials (Unknown); and Nurses (Unknown) Balzack, (Unknown) Sheldon and N. Doolittle.

In his complaint Plaintiff alleges that October 2, 2013, he was forcibly extracted from his cell by Defendant Ryske and Emergency Response Team (ERT) officers. Plaintiff alleges that before he was extracted from his cell, Defendant Ryske sprayed a chemical agent into his cell without giving him a chance to be restrained and removed from his cell. Plaintiff alleges that during the cell extraction the ERT officers rushed into his cell and grabbed him with "extreme force" and threw him in the hallway outside his cell. (Compl., docket #1, Page ID#5.) Once in the hallway, the ERT officers restrained Plaintiff while he lay on his stomach then dragged Plaintiff by his right leg, "stunned" him and "tazed" him in his left eye, lower back, right middle finger, left pointer finger and the top of his back, and kicked him in the head, ribs, lower, middle and upper back. (*Id.*) While the ERT officers were kicking Plaintiff, Defendant Ryske sprayed a chemical agent into his eyes, mouth and nose "at point blank range." (*Id.*)

Thereafter, the ERT officers took Plaintiff to the showers, but would not let him wash his body or rinse the chemical agent out of his eyes, mouth and nose. While Plaintiff was in the

2

shower Defendant Balzack refused to give Plaintiff medical treatment although she was aware of Plaintiff's wounds. In addition, despite his requests to do so, Defendant Balzack refused to check Plaintiff's restraints or give Plaintiff his prescribed asthma inhaler. After Defendant Balzack had seen, but refused to treat, Plaintiff, the ERT officers took Plaintiff back to his cell.

Later that same day, Defendant Sheldon came to Plaintiff's cell to check his restraints, which were digging into Plaintiff's wrists and causing injury, and inspect his wounds. Defendant Sheldon refused to treat Plaintiff. Defendant Sheldon also would not give Plaintiff his prescribed inhaler.

Plaintiff alleges that he was left in his cell in restraints for 3 days without food and without the ability to use the toilet. Plaintiff was forced to urinate and defecate on himself for 3 days.

Plaintiff engaged in the grievance process through Step III, but did not receive an administrative remedy. As relief in the instant case, Plaintiff seeks a variety of disciplinary actions against MDOC custody staff and unspecified damages for his emotional and physical pain and suffering.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his complaint, Plaintiff makes allegations of specific conduct by only three of the fifteen individuals he names as Defendants: Ryske, Balzack and Sheldon. Plaintiff fails to set forth

any allegations at all against any other named Defendant.[1]  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Snyder, Heyns, Stoddard, Norwood, Huss, Badrykra, Tefft, Banagan, Drakrgan, Ball, Ault, Doolittle and Unknown Parties named as ICF Officials (Unknown).

       At this juncture in the proceedings, Plaintiff's allegations warrant service of the complaint on Defendants Ryske, Balzack and Sheldon.

---

[1] Although Plaintiff repeatedly references ERT officers, he does not set forth the identity of the ERT Officers, nor does he identify any of the named Defendants as ERT officers.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Snyder, Heyns, Stoddard, Norwood, Huss, Badrykra, Tefft, Banagan, Drakrgan, Ball, Ault, Doolittle and Unknown Parties named as ICF Officials (Unknown) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Ryske, Balzack and Sheldon.

An Order consistent with this Opinion will be entered.


Dated: May 23, 2014                                 /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge